UNITED STATES *v.* HAMMEL, RIGLANDER CO., INC.

No. 4431.—Invoice dated Strasbourg, France, January 28, 1937.
Entered at New York February 19, 1937.
Entry No. 822044.

Second Division, Appellate Term

 (Decided October 27, 1938)

*Webster J. Oliver,* Assistant Attorney General (*Richard F. Weeks,* special attorney), for the appellant.
*Lane & Wallace* (*Samuel Isenschmid* of counsel) for the appellee.

Before TILSON, KINCHELOE, and DALLINGER, Judges

TILSON, Judge: This is an application for a review of the decision of the trial court, reported in Reap. Dec. 4305, in which it was held that the entered values of certain watch crystals imported from France were the proper dutiable export values.

Among appellant's assignment of errors we find the following:

In finding and holding that the quantities purchased by the plaintiff are wholesale quantities, and that the same should be accepted as usual wholesale quantities.

On this point the trial court found as follows:

There is not any question that the quantities purchased by the plaintiff are wholesale quantities. I do not find this fact disputed in the record; therefore, I am justified in accepting the purchases by the plaintiff as being in the usual wholesale quantities.

Counsel for the appellant states on page 3 of his brief that "Both sides are contending for export value, *the difference between them being in the discount."* [Italics ours.] There is nothing in the record to indicate that the appraiser, in advancing the values of the merchandise, did so because he found that the merchandise in this case had not been sold in the usual wholesale quantity. Since the appraiser is presumed to have found all the elements necessary to support his appraisement, including the fact that the merchandise was sold in the usual wholesale quantity, and nothing in this record appearing to the contrary, the presumption of correctness attaching to the action of the appraiser is sufficient to establish, if questioned, that the merchandise in this case was sold in the usual wholesale quantity. It also appears from the above quotation from appellant's brief, which was filed subsequent to its assignment of errors, that appellant

no longer contends that there is any question concerning this merchandise being in the usual wholesale quantity, but admits that "Both sides are contending for export value, the difference between them being in the discount."

As to the question of discount, appellant contends the same should be 5 per centum, 5 per centum, and 1 per centum, while the appellee contends the same should be 15 per centum and 3 per centum. It appears from the record that the real reason for the advance by the appraiser was based upon the fact that another importer of watch crystals was receiving a discount of only 5 per centum, 5 per centum, and 1 per centum. With reference to this difference in discounts, the trial court found:

Swartchild appears to be the one importer in the United States who receives the discounts of 5, 5, and 1, and thereby pays a higher price for his watch crystals than the plaintiff. This increased price, however, is explained in Exhibit 1 as being due to the fact that Swartchild required a special label to be attached to his watch crystals with his name thereon which costs more to produce than the regular standard label attached to plaintiff's crystals. Swartchild's merchandise is therefore different from plaintiff's in respect to the labels thereon, and more expensive. The appraiser adopted the discounts of 5, 5, and 1, due to the special agent stating in his report that Swartchild received this discount. In my opinion Swartchild's discount is not applicable to plaintiff's merchandise by reason of its variance from Swartchild's in having ordinary rather than special labels thereon.

The evidence fully supports the above finding by the trial court.

The evidence establishes, as found by the trial court, that the foreign-market value of this merchandise is lower than the export value.

Upon a full consideration of the entire record, we find:

1. That the merchandise in this appeal consists of watch crystals imported from Strasbourg, France.

2. That the proper basis of appraisement is the export value.

3. That the proper dutiable values of the merchandise covered by this appeal are the entered values, plus packing.

The judgment of the trial court is accordingly affirmed. Judgment will be rendered accordingly.